IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30802
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY THAMES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1131
- - - - - - - - - -

January 19, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Thames requests a certificate of appealability ("COA"), a prerequisite to appeal the district court's denial of his motion filed under 28 U.S.C. § 2255. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). He argues that he was denied his right to an appeal because his trial counsel ignored his request to file one and that he is entitled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to an evidentiary hearing to determine whether this allegation is true.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal. *See Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985). The failure of counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel. *See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). *Strickland*[**] *v. Washington*'s ineffective-assistance-of-counsel analysis is not performed when there has been actual or constructive complete denial of any assistance of appellate counsel. *Sharp v. Puckett*, 930 F.2d 450, 451-52 (5th Cir. 1991). "In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal." *Gipson*, 985 F.2d at 215. "If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish--as a prerequisite to habeas relief--that he had some chance of success on appeal." *Id.* In such cases, prejudice is presumed, and neither the *Strickland* prejudice test nor the harmless-error test is appropriate. *Sharp*, 930 F.2d at 452.

A district court may dispose of a defendant's § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) (internal quotations omitted). Nonetheless,

---

[**] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

contested issues of fact may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977). No evidence other than the affidavit of Thames's counsel was offered to rebut Thames's verified allegation that he asked his counsel to file an appeal. Nothing in the record corroborates counsel's affidavit.

Thames has made a credible showing that the district court erred in denying an evidentiary hearing. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). He has also shown that the district court abused its discretion in deciding the case without an evidentiary hearing. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Thus, a COA is GRANTED. No further briefing is necessary; therefore, the district court's judgment is VACATED, and the case is REMANDED for further proceedings. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).